IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03722-STV

JEHRONE FALLS,

    Plaintiff,

v.

CITY OF AURORA,
DUSTIN PETERSEN,
ZACHARY PLOCH,
JEREMY MCELROY,
CHRISTOPHER C. ELLIS,
JASON ROSENBLATT,
JONAS SPITZER,
UNKNOWN POLICE OFFICERS,

    Defendants.

## CITY OF AURORA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Defendants, City of Aurora, and the Officers, in their official capacity, by their counsel, Charles A. Piekarski and Julia A. Bannon of the Office of the City Attorney of Aurora Colorado, hereby submit this City of Aurora's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, as grounds therefor, state as follows:

### *Certificate of Compliance*

The undersigned counsel attempted to confer with *pro se* Plaintiff, Jehrone Falls, along with Defendant Officer Attorney Ann Smith regarding the relief sought in this Motion but was

unable to reach him. Ann Smith left a message regarding Defendant's Motion to Stay, and this Motion to Dismiss on July 27, 2020, on Plaintiff's voice mail. Undersigned Counsel again attempted to confer with the Plaintiff on July 29, 2020. And again, Ann Smith left a message regarding both of the Motions on Plaintiff's voice mail. To date, the undersigned counsel did not receive a response to these phone calls.

## I. INTRODUCTION

Plaintiff brings this action alleging violations of the Fourth and Fourteenth Amendments, as well as violations of Colorado state law against Specialist Dustin Petersen, Officer Zachary Ploch, Officer Jeremy McElroy, Officer Christopher C. Ellis, Officer Jason Rosenblatt, and Officer Jonas Spitzer, in their individual and official capacities.[1] Additionally, Plaintiff brings a claim for municipal liability against the City of Aurora. Plaintiff alleges that the claims arise out of three traffic stops when Defendant Officers conducted searches of his person and vehicle in violation of the Fourth and Fourteenth Amendments. Plaintiff further alleges that Defendant City is liable because of deficiencies in training and supervision of the Defendant Officers. *See Complaint [Doc. 1].* Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

---

[1] Claims against a governmental employee in their official capacity is the same as a claim against the entity itself. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, the Court will "accept as true 'all well-pleaded factual allegations in the amended complaint.'" *County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1034 (10th Cir. 2002) (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). Factual allegations are "viewed in the light most favorable to the nonmoving party." *Id*. A motion pursuant to Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. at 1034-35. The Court's function when reviewing a motion to dismiss is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*. at 1035. In undertaking that review, the court first identifies the allegations in the complaint that are legal conclusions, bare assertions, or merely conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Next, the court considers the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

In this case, Plaintiff is proceeding without legal representation. Pleadings drafted by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Id.*

3

### III. ARGUMENT

**A.     Municipal Liability**

Plaintiff is required to identify a municipal "policy" or "custom" that caused his injury, in order to state a claim against the City. Because Plaintiff only makes conclusory allegations as to the policy or custom that caused his injury, this Court should dismiss the *Monell* claim against the City. *See Erikson v. Pawnee County Bd. of County Com'rs*, 263 F.3d 1151, 1154 (10th Cir. 2001) ("Plaintiff's conclusory allegation is insufficient to survive defendants' motion to dismiss.").

Plaintiff has the burden to allege facts subjecting the City to liability because there is no *respondeat superior* liability under Section 1983. *Board of the County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997). A municipality cannot be held liable under Section 1983 solely because it employs a tortfeasor. *See e.g.*, *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978). To establish *Monell* liability, a plaintiff must show "deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bryan County*, 520 U.S. at 403; *see also Aguilar v. Colorado State Penitentiary*, 656 Fed. Appx. 400, 403 (10th Cir. 2016) (unpublished) ("[T]o hold the entity liable, the plaintiff must identify an official policy or a custom that is the 'direct cause' or 'moving force' behind the constitutional violations."). A plaintiff must also show that "the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769 (10th Cir. 2013). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it

4

consciously or deliberately chooses to disregard the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

The Tenth Circuit has set forth five forms of municipal policies or customs.  First, a policy or custom may be a "formal regulation or policy statement." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quoting *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir. 2010)).  Next, it may take the form of "an informal custom 'amount[ing] to' a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" *Id*.  It may also take the form of "decisions of employees with final policymaking authority" or through "the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval." *Id*.  Finally, it may take the form of a "failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Id*.

In the present case, Plaintiff does not allege any formal regulation or policy statement from the City that authorizes violations of the Fourth or the Fourteenth Amendments.  Rather, Plaintiff alleges that municipal liability should be imposed because of an informal policy, custom, or practice and because of a failure to adequately train and supervise.

    1.    <u>Informal Policy, Custom, or Practice</u>

Plaintiff makes numerous conclusory statements alleging that the "the City of Aurora, and the Aurora Police Department, has a lengthy and well-documented history of racial profiling, [and] unlawful searches and seizures." *(Doc. 1 at p. 7, ¶ 89.)* Such allegations are insufficient for *Monell*

liability in that they are entirely conclusory and do not identify a policy or custom of the City which led to a constitutional violation. *See Granato v. City and County of Denver*, 2011 WL 3820730, *8 (D. Colo. 2011) ("The cases make clear that it is facts, not conclusions, that must be pled; 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including 'legal conclusion[s] couched as a factual allegation.'" (quoting *Iqbal*, 566 U.S. at 1949-50).

Absent an official policy, a municipality may be held liable if the alleged constitutional violation is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Murrell v. School Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1249 (10th Cir. 1999) (citation omitted). As Plaintiff does not allege that an official City policy led to his alleged constitutional violations, he must sufficiently plead that an informal custom amounting to a widespread practice caused his alleged constitutional violation.

A custom is "an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." *Carney v. City and County of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008). To establish a custom, the actions of municipal employees must be "continuing, persistent and widespread." *Id.* (citing *Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993)). To establish liability on the basis of custom or practice, a plaintiff must sufficiently allege: "(1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [City's] employees; (2) Deliberate indifference to or tacit approval of such misconduct by the [City's] policymaking officials . . . after notice to the officials of that particular misconduct; and (3) That the plaintiff was

injured by virtue of the unconstitutional acts pursuant to the . . . custom and that the custom was the moving force behind the unconstitutional acts." *Id.*

To show the existence of a continuing, persistent and widespread custom, a plaintiff must "offer evidence suggesting that similarly situated individuals were mistreated by the municipality in a similar way." *Carney*, 534 F.3d at 1274; *see also Estate of Valverde by and through Padilla v. Dodge*, 2017 WL 3530282, *4 (D. Colo. 2017); *see also Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005) (a plaintiff may show a persistent and widespread practice of constitutional deprivations by showing "other incidents involving similar facts.").

Plaintiff's Complaint alleges other incidents in which individuals have claims against the City of Aurora alleging constitutional violations. *(Doc. 1 at p. 8, ¶ 99).* However, only one of the claims involves a traffic stop. *(Doc. 1 at p. 8, ¶ 99).* The Complaint gives no factual allegations to support the conclusion that similarly situated individuals were mistreated by the City in a similar way. All of the cases cited by Plaintiff involve claims that settled prior to trial, were dismissed prior to any finding of liability, or are ongoing or have unknown resolutions. Plaintiff does not point to any instance that has resulted in a finding of liability or a judgment against the City or any of its officers.

A few isolated incidents will not provide sufficient support for relief under Section 1983 against a municipality. *See e.g., Handy v. Russell*, 2012 WL 5869161, *2 (D. Colo. 2012) (plaintiff "cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents."); *Jean-Laurent v. Wilkerson*, 461 Fed.Appx. 18, 22-23 (2nd Cir. 2012) (plaintiff's "citation to various lawsuits involving inmate claims for excessive use of force is not probative of the existence of any underlying policy that could be relevant here."); *Taylor v. Indianapolis*

*Metropolitan Police Dept.*, 2011 WL 2605654, *5 (S.D. Ind. 2011) ("Plaintiffs' evidence of prior lawsuits does not show the requisite 'custom or usage' of excessive force and . . . only invites the Court to speculate."); *Davis v. Clearlake Police Dep't*, 2008 WL 4104344, *8 (N.D. Cal. 2008) (the filing of five federal lawsuits against a city is insufficient to show policy or practice of racial discrimination).

The cases cited by Plaintiff are insufficient to support an inference of widespread custom because none of them have resulted in adjudication with liability. *See Tieman v. City of Newburgh*, 2015 WL 1379652, *17 (S.D.N.Y. 2015). Lawsuits filed without a resulting adjudication of liability cannot suggest a persistent and widespread custom. *Walker v. City of New York*, 2014 WL 1259618, *3 (S.D.N.Y. 2014) (holding that allegations of ten similar complaints filed against New York City in the ten preceding years was insufficient to state a claim because the "paltry number of complaints (none resulting in an adjudication of liability) . . . hardly suggests the frequency or pervasiveness of the purported custom that is required to state a *Monell* claim."); *see also Collins v. City of New* York, 923 F.Supp.2d 462, 479 (E.D.N.Y. 2013) (holding that a litany of cases cited in plaintiff's complaint were insufficient to allege a proper *Monell* claim because many involved settlements without admissions of liability and unproven allegations); *see also Strauss v. City of Chicago*, 760 F.2d 765, 768-69 (7th Cir. 1985) ("People may file a complaint for many reasons . . . [t]hat they filed complaints does not indicate that the policies that [plaintiff] alleges exist do in fact exist and did contribute to his injury.").

Furthermore, Plaintiff fails to allege sufficient facts to support a finding that the City acted with deliberate indifference after notice of the alleged constitutional violations. Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a

8

known or obvious consequence of his action." *Bryan County*, 520 U.S. at 410. Beyond conclusory allegations, Plaintiff fails to demonstrate how the mere filing of claims and lawsuits, without any finding of liability or wrongdoing on the part of the City or any of its employees, would put the City on notice of any known or obvious consequences of any particular action. Therefore, Plaintiff has failed to allege sufficient facts to support a claim of municipal liability based on an informal policy or custom.

2. Failure to Train and Supervise

In limited circumstances, a municipality may be liable under §1983 for a failure to train. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822-823 (1985) (A "'policy' of 'inadequate training' . . . "is far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*."). Thus, a municipality's failure to train its employees may serve as the basis for §1983 liability only where that failure amounts to deliberate indifference to the rights of citizens. *City of Canton*, 489 U.S. at 388-89. A less stringent standard of fault for a failure-to-train claim "would result in de facto respondeat superior liability on municipalities . . . ." *Id.* at 392. Allegations of failure to supervise are assessed under the same standard. *Whitewater v. Goss*, 192 Fed.Appx. 794, 797 (10th Cir. 2006). Furthermore, "[r]arely if ever is 'the failure of a police department to discipline in a specific instance . . . an adequate basis for municipal liability under *Monell*.'" *Schneider*, 717 F.3d at 777 (quoting *Butler v. City of Norman*, 992 F.2d 1053, 1056 (10th Cir. 1993)).

Deliberate indifference involves an obvious need for more or different training where the inadequacy of training is likely to result in the violation of constitutional rights. *City of Canton*, 489 U.S. at 390. "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney*, 143 F.3d at 1307. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S. Ct. at 1360. Additionally, the identified deficiency must be closely related to the plaintiff's actual injury. *City of Canton*, 489 U.S. at 385. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id*. at 390-91 (internal citation omitted).

Plaintiff has failed to allege a specific deficiency in the City's training or supervision, closely related to Plaintiff's injury. *See id*. Instead, Plaintiff cites a number of cases where individuals were allegedly mistreated by Aurora officers. Without any supporting factual allegations, Plaintiff's Complaint concludes that this mistreatment was the result of the City's failure to properly train and supervise its officers. Plaintiff has not pled sufficient factual allegations to support such a finding.

Plaintiff has also failed to plead sufficient factual support for the claim that the City had actual or constructive notice that its allegedly improper training was deficient. Plaintiff alleges that receipt of lawsuits from a handful of other plaintiffs serves to put the City on notice of an allegedly-deficient training program. However, the unsubstantiated allegations contained in

complaints unrelated to the present matter are insufficient to place the City on notice of any alleged training deficiency. Furthermore, none of these cited complaints have resulted in a judgment against the City or a finding of liability against the City or any of its employees. Further, as many of these complaints are presently pending, Plaintiff fails to allege any facts to support the conclusion that the City has failed to take action on those complaints or has failed to investigate the allegations raised in each. The mere filing of a complaint does not indicate the veracity of the allegations raised, which can only be determined through subsequent investigation. Plaintiff alleges no facts to support a conclusion that the City has not engaged in such an investigation. As a result of the inadequate factual allegations found in the Complaint, Plaintiff's claim against the City should be dismissed.

**B.     Plaintiff's State Claims**

Plaintiff alleges state law claims in his Complaint, Claims Four through Six (*i.e.,* false arrest/imprisonment, negligence, intentional infliction of emotional distress), against Defendant Officers *[Doc. 1 at 120]*. Defendant Officers, at the time of the traffic stops complained of by the Plaintiff, were all Aurora Police Officers and, as such, are public employees as that term is used in the Colorado Governmental Immunity Act (hereinafter "CGIA"). *C.R.S. § 24-10-103(4)(a).* Defendant Officers are, therefore, entitled to the protections of the CGIA as to any state law claims.

The Court lacks jurisdiction to hear Counts Four through Six. All of the Defendants are municipal entities, or their employees acting in the course and scope of their employment, and, as such, the CGIA applies to tort claims brought against them. Counts Four through Six are all torts and none of the exceptions to governmental immunity applies to any of these claims. *See C.R.S. § 24-10-106* and *Goodboe v. Gabriella*, 663 P.2d 1051, 1054 (Colo. App. 1983) (referring to "the

torts of false imprisonment, assault, and battery."); *Podboy v. Fraternal Order of Police, Denver Sheriff Lodge 27*, 94 P.3d 1226, 1228 (Colo. App. 2004) (referring to negligence as a tort covered by the CGIA); and *Coors Brewing Company v. Floyd*, 978 P.2d 663, 666 (1999) ("regarding the tort of intentional infliction of emotional distress").

Plaintiff's claims are barred as tort claims that do not fit within any of the exceptions to governmental immunity. *C.R.S. § 24-10-106.* The CGIA provides that governmental entities and employees are immune from suit for all claims which lie in tort, or could lie in tort, except in specifically enumerated instances where immunity is waived. *Id.* CGIA exceptions are enumerated at C.R.S. § 24-10-106(1). Because Plaintiff's claims do not fit within any of the exceptions to the CGIA, the Court lacks jurisdiction over this matter and it must be dismissed.

A motion to dismiss for lack of subject matter jurisdiction is governed by the principles embodied in C.R.C.P. 12(b)(1). *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924 (Colo. 1993). As stated therein (analogizing to the Federal Rules):

> *If the motion is a factual attack on the jurisdictional allegations of the complaint, such as the timeliness of the notice involved in this case, the trial court may receive any competent evidence pertaining to the motion. See 2A James W. Moore & Jo Desha Lucas, Moore's Federal Practice, P 12.07[2.-1] at 12-47 (2d ed. 1992).*

Pursuant to the holding of *Trinity Broadcasting,* questions involving the CGIA must be resolved through application of the principles of Fed.R.Civ.P. 12(b)(1). Moreover, the Court, as finder of the fact on the jurisdictional issues, may receive any competent evidence pertaining to the issue of subject matter jurisdiction. *Id.* Because Defendants are immune from Plaintiff's claims pursuant to the CGIA, the Court lacks jurisdiction to hear Plaintiff's claims Four through Six and they must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, the City of Aurora and the Officers, in their official capacities, respectfully request that this Court enter an Order dismissing Plaintiff's claims as set forth above, with prejudice, and for such other and further relief as the Court deems just and proper, including attorney fees pursuant to C.R.S. § 13-17-201.

Dated: July 31, 2020

                                                Respectfully submitted,

                                                s/ *Charles A. Piekarski*
                                                Charles A. Piekarski
                                                Julia A. Bannon
                                                Office of the City Attorney
                                                Aurora Municipal Center, Suite 5300
                                                15151 East Alameda Parkway
                                                Aurora, Colorado  80012
                                                Telephone:  (303) 739-7030
                                                Facsimile:  (303) 739-7042
                                                E-mail:  cpiekars@auroragov.org
                                                           jbannon@auroragov.org
                                                ATTORNEYS FOR DEFENDANT CITY OF AURORA AND OFFICERS DUSTIN PETERSEN, ZACHARY PLOCH, JEREMY MCELROY, CHRISTOPHER C. ELLIS, JASON ROSENBLATT, AND JONAS A. SPITZER, IN THEIR OFFICIAL CAPACITIES

### CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2020, I electronically filed the foregoing *CITY OF AURORA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

Jehrone Falls                                          *(MAIL)*
9995 East Harvard Avenue, #R277
Denver, CO  80231

                                          s/ *Cindy Selden*
                                          Cindy Selden