IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03722-STV

JEHRONE FALLS,

Plaintiff,

v.

CITY OF AURORA
DUSTIN PETERSEN,
ZACHARY PLOCH,
JEREMY MCELROY,
CHRISTOPHER C. ELLIS
JASON ROSENBLATT
JONAS SPITZER,
UNKNOWN POLICE OFFICERS,

Defendants.

---

**DEFENDANTS' JOINT MOTION FOR STAY OF PROCEEDINGS AND TO VACATE THE SCHEDULING CONFERENCE PENDING RULING ON MOTIONS TO DISMISS**

---

Defendants Officer Dustin Petersen, Officer Zachary Ploch, Officer Jeremy McElroy, Officer Christopher C. Ellis, Officer Jason Rosenblatt, Officer Jonas Spitzer, ("Defendant Officers") and Defendant City of Aurora submit this Joint Motion for Stay of Proceedings and to Vacate the Scheduling Conference Pending Ruling on Motions to Dismiss and, in support thereof, state as follows.

**CERTIFICATE**

The undersigned counsel attempted to confer with *pro se* Plaintiff, Jehrone Falls, regarding the relief sought in this Motion but were unable to reach him. Undersigned

counsel left a message regarding Defendants' Motions to Dismiss and this Motion to Stay on July 27, 2020, on Plaintiff's voicemail, and again on July 20, 2020. To date, undersigned counsel have not received a response to these phone calls.

Undersigned counsel are providing a copy of this motion to their clients as reflected in the attached certificate of service.

**BACKGROUND AND INTRODUCTION**

Plaintiff filed his Complaint and Jury Demand ("Complaint") on December 31, 2019, asserting claims against six Defendants, including the City of Aurora, Officer Dustin Petersen, Officer Zachary Ploch, Officer Jeremy Mcelroy, Officer Christopher C. Ellis, Officer Jason Rosenblatt, Officer Jonas Spitzer for alleged injuries sustained during three traffic stops with subsequent searches and seizures on September 2, 2019, September 17, 2019, and November 29, 2019. (Doc. 1.)

Plaintiff alleges six claims in his Complaint, including:

| | |
|---|---|
| **Claim I:** | 42 U.S.C. § 1983 – Fourth Amendment - Unlawful Search and Seizure (against all Defendants) |
| **Claim II**: | 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment – False Arrest/False Imprisonment (against all Defendants) |
| **Claim III:** | 42 U.S.C. § 1983 – Fourteenth Amendment – Equal Protection (against all Defendants) |
| **Claim IV:** | State Tort – False Arrest/False Imprisonment (against all Defendants) |
| **Claim V**: | State Tort – Negligence (against all Defendants) |
| **Claim VI:** | State Tort – Intentional Infliction of Emotional Distress (against all Defendants) |

On July 31, 2020, Defendant City of Aurora and Defendant Officers filed separate motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting qualified immunity on

behalf of Defendant Officers and seeking dismissal of the entirety of Plaintiff's claims. (Docs. 28 and 30, hereinafter, "Motions to Dismiss.")

Defendants' Motions to Dismiss seek, in part, a determination of whether the individual Defendants are protected by qualified immunity. Qualified immunity protects defendants in civil rights cases from not only the burdens of trial but also those of pretrial discovery as well. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation so as to conserve the time and resources of the Court and the parties. "[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protection from 'the burdens of broad-reaching discovery.'" *Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Any claims which the Court declines to dismiss after briefing of the Motions to Dismiss will need to be addressed in the form of an answer.

**MOTION**

This Court has the discretion to stay discovery while Defendants' Motions to Dismiss are pending. *Wason Ranch Corp. v. Hecla Mining Co*., 07-cv-00267-EWN-MEH, 2007 WL 1655362, *1 (D. Colo. June 6, 2007) (citing *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990). Additionally, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Id, citing Nankivil v. Lockheed Martin Corp*., 216 F.R.D. 689, 692 (M.D. Fla. 2003).

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of non-parties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc*., 02-cv-01934-LTB-PA, 2006 WL 894955, *2 (D. Colo. March 30, 2006).

Here, the factors weigh in favor of staying discovery. With regard to the first factor, Plaintiff's position will likely be that a stay would be prejudicial in the delay it would cause. However, with regard to the second factor, if the Court finds that the individual defendants are protected by qualified immunity, they will unnecessarily suffer without a stay because qualified immunity is intended to protect litigants from the burden of discovery. Given the claims asserted, discovery is likely to be a lengthy and expensive process.

With regard to the third factor, a stay of discovery may allow the Court to avoid expending resources in managing a significant portion of this action, in that if the individual defendants are found to be protected by qualified immunity, they will be dismissed from this case. Moreover, the Motions to Dismiss collectively argue for the dismissal of all claims against Defendants. If such motions are successful, even in part, it will be far more economical and convenient to forego discovery until the resolution of the motions. Resolution of the Motions to Dismiss will likely narrow the scope of the case and, consequently, the scope of discovery. This factor therefore weighs in favor of a stay. *See*

*Al-Turki v. Tomsic,* No. 15-cv-00524-RLEB-KLM, 2015 WL 8758745 *2 (D. Colo. Dec 15, 2015).

With respect to the fourth factor, there is no indication that a stay would affect any non-parties to this lawsuit. Additionally, the public interest favors conservation of resources by the Court and the parties. Accordingly, the fifth factor weighs in favor of granting the stay.

**CONCLUSION**

For the foregoing reasons, discovery in this case should be stayed pending resolution of the Motions to Dismiss.

WHEREFORE, Defendants request an Order from this Court vacating the Scheduling Conference now set for August 10, 2020, and an Order STAYING the proceedings in this matter, including all discovery, until such time as the Motions to Dismiss (Docs. 28 and 30) have been ruled on.

Respectfully submitted,

Date: August 3, 2020

s/ Charles A. Piekarski
Charles A. Piekarski
Julia A. Bannon
OFFICE OF THE CITY ATTORNEY
Aurora Municipal Center # 5300
15151 East Alameda Parkway
Aurora, CO80012
(303) 739-7030 (phone)
(303) 739-7042 (fax)
cpiekars@auroragov.org (e-mail)
jbannon@auroragov.org (e-mail)
ATTORNEY FOR DEFENDANTS

Date: August 3, 2020

s/ Ann B. Smith
Ann B. Smith
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
asmith@vaughandemuro.com (e-mail)
ATTORNEY FOR DEFENDANT OFFICERS

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Charles A. Piekarski**
cpiekarski@auroragov.org

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

Jehrone Falls ***(MAIL)***
9995 E. Harvard Ave., #R277
Denver, CO 80231

Client Copies:
Specialist Dustin Petersen ***(CONFIDENTIAL E-MAIL)***
Officer Zachary Ploch ***(CONFIDENTIAL E-MAIL)***
Officer Jeremy McElroy ***(CONFIDENTIAL E-MAIL)***
Officer Christopher C. Ellis ***(CONFIDENTIAL E-MAIL)***
Officer Jason Rosenblatt ***(CONFIDENTIAL E-MAIL)***
Officer Jonas Spitzer ***(CONFIDENTIAL E-MAIL)***

s/ Ann B. Smith
Ann B. Smith