**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03722-DDD-STV

JEHRONE D. FALLS,

    Plaintiff,

v.

CITY OF AURORA,
DUSTIN PETERSEN,
ZACHARY PLOCH,
JEREMY MCELROY,
CHRISTOPHER C. ELLIS,
JASON ROSENBLATT,
JONAS A. SPITZER, and
UNKNOWN POLICE OFFICERS,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

    This civil action is before the Court *sua sponte* upon Plaintiff's failure to comply with Court orders and failure to appear at Court proceedings. For the following reasons, the Court respectfully **RECOMMENDS** that this case be **DISMISSED** based upon Plaintiff's failure to prosecute and **IT IS ORDERED** Defendants' pending motions to dismiss [#28, 30] are **DENEID WITHOUT PREJUDICE**.

    Plaintiff, proceeding *pro se*, initiated this action on December 31, 2019. [#1] On January 9, 2020, the Court issued an Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*. [#4] On February 7, 2020, the Court issued an Order concluding that "this case does not appear to be appropriate for summary dismissal"

and ordered that the case be drawn to a presiding judge. [#5] On February 10, 2020, this Court issued an order setting a Scheduling Conference for April 17, 2020, and ordering the parties to file the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction form (the "Consent/Non-Consent Form") on or before April 3, 2020 and to file a joint proposed scheduling order on or before April 20, 2020. [#8] Due to delays in service due to the COVID-19 pandemic, the Scheduling Conference was reset for September 10, 2020, and the parties were ordered to file the Consent/Non-Consent Form by August 27, 2020 and to file the proposed scheduling order by September 3, 2020. [#13, 18]

On June 25, 2020, counsel entered an appearance on behalf of Defendants [#23] and, on July 31, 2020, Defendants filed motions to dismiss Plaintiff's claims [#28, 30]. On August 3, 2020, Defendants filed a Motion for Stay of Proceedings and to Vacate the Scheduling Conference Pending Ruling on Motions to Dismiss (the "Motion to Stay"). [#31] The Court set a hearing on the Motion to Stay for August 27, 2020 and ordered Plaintiff to file his response to the Motion to Stay on or before August 17, 2020. [#32] In that order, the Court reminded the parties that the Consent/Non-Consent form was due August 27, 2020 and vacated the scheduling conference to be reset after a ruling on the Motion to Stay. [*Id.*] On August 25, 2020, the Court continued the hearing on the Motion to Stay until September 3, 2020, and reminded the parties that the Consent/Non-Consent Form remained due by August 27, 2020. [#34]

On August 27, 2020, Defendants filed a motion to extend the deadline to file the Consent/Non-Consent Form, explaining that counsel for Defendant had reached out to Plaintiff multiple times to confer regarding the motions Defendants had filed in the case

and to obtain Plaintiff's position on consent, but that Plaintiff "ha[d] not returned any of the phone calls made by [defense] counsel." [#36]  This Court granted that motion and extended the deadline for the parties to file the Consent/Non-Consent Form until September 4, 2020 but encouraged the parties to try to file the Consent/Non-Consent Form in advance of the motion hearing. [#37]  On September 3, 2020, Defendants filed their consent to magistrate judge jurisdiction, but noted that they were unsuccessful in conferring with Plaintiff on the issue, because he did not respond to multiple telephone calls. [#38]

On September 3, 2020, the Court convened a telephonic hearing on Defendants' Motion to Stay. [#40]  Plaintiff failed to appear for the motion hearing and had not filed a response to the Motion to Stay by the deadline set by the Court.[1]  [*Id.*]  At the hearing, the Court granted Defendants' Motion to Stay and set a further status conference for October 11, 2020. [*Id.*]  The Minute Entry from the hearing advised Plaintiff that "Plaintiff's failure to participate in the hearing w[ould] result in recommendation that this case be dismissed for failure to prosecute." [*Id.* (emphasis omitted)]  Because the Minute Entry was not sent to Plaintiff until September 24, 2020, the Court continued the Status Conference until October 22, 2020. [#42]

The Court convened a telephonic status conference on October 22, 2020 and Plaintiff again failed to call into the hearing. [#44]  As a result of Plaintiff's failure to appear (or to take any other action to prosecute his claims), the Court ordered that the matter be reassigned to a District Judge so that this Court, if appropriate, may issue a

---

[1] Prior to convening the Motion Hearing on September 3, 2020, the Court called Plaintiff at the number contained in the record, but did not reach him.  The Court left a voicemail for Plaintiff, but never received a response.

3

recommendation that this case be dismissed for failure to prosecute.  [*Id.*]

On October 23, 2020, this case was reassigned to Judge Daniel D. Domenico [#45], and Judge Domenico referred the case to this Court to, among other things, "conduct such status conferences and issue such orders necessary for compliance with the scheduling order . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions" [#46]   Judge Domenico also referred to this Court Defendants' two pending motions to dismiss.  [#47]

Based upon Plaintiff's failures to comply with Court orders, attend hearings set by the Court, or take any other action to prosecute his claims in this case since June 8, 2020,[2] the Court finds it appropriate to issue this Recommendation for dismissal based upon Plaintiff's failure to prosecute his claims.[3]   Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) "has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's

---

[2] On June 8, 2020, Plaintiff filed a motion for waiver of service of the complaint.  [#20] Plaintiff has not filed any documents with the Court since that time and, as detailed above, has not responded to the Court's orders, the Court's phone message, or communications from defense counsel.  None of the Court's orders mailed to Plaintiff at the address he provided have been returned as undeliverable.

[3] "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

4

orders."[4] *Vanmaanen v. N. Plains Trucking*, No. 16-cv-00640-MEH, 2017 WL 491188, at *2 (D. Colo. Feb. 7, 2017) (citing *Link v. Wabash R. Co.*, 370 U.S. 616, 630-31 (1962)). In considering dismissal under Rule 41(b) based on a party's failure to comply with a court order, courts in the Tenth Circuit have considered the following five factors, initially set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992):  (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 Fed. App'x 928, 931 (10th Cir. 2015). The Court finds that all of these factors weigh in favor of dismissal.

First, Defendants have suffered actual prejudice as a result of Plaintiff's failures to comply with the Court's rules and attend Court hearings. Specifically, Defendants continue to experience delay and uncertainty in the resolution of the claims against them. Second, the amount of interference with the judicial process is significant as Plaintiff has failed to comply with the Court's scheduling orders and the Court has convened two hearings at which Plaintiff failed to appear. Third, Plaintiff is solely responsible for his failure to comply with the Court's orders, failure to respond to defense counsel's attempts to confer, failure to attend Court hearings, and failure to take any actions to prosecute his claims in the past four months. Fourth, the Court

---

[4] Dismissal also is appropriate under Federal Rule of Civil Procedure 16(f)(1), which provides, in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(v) permits the Court to sanction a party by "dismissing the action or proceeding in whole or in part.

5

previously warned Plaintiff that his failure to comply may result in a recommendation of dismissal.  [#40]  Finally, there does not appear to be any lesser sanction that would be effective as neither defense counsel nor the Court has been unable to elicit any response from Plaintiff despite numerous attempts.  Accordingly, this Court respectfully **RECOMMENDS** that this action be **DISMISSED**.[5]

In light of this Recommendation, **IT IS ORDERED** that the two Motions to Dismiss filed by the various Defendants [#28, 30] are **DENIED WITHOUT PREJUDICE**, with leave to re-file if this case is not dismissed for failure to prosecute.

DATED:  October 26, 2020                                        BY THE COURT:

                                                                               s/Scott T. Varholak
                                                                               United States Magistrate Judge

---

[5] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  But see, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).